Dear Mrs. Steinmetz:
This letter is in response to your questions asking:
 (1) Does section 578.100, RSMo, `the Sunday sales law', prevent a community festival, participated in by civic and service groups, local businesses and private citizens, from selling handicraft, art work, food stuffs etc. on Sunday in St. Louis County?
 (2) Under the Missouri statutes and the Sunday sales law, are community festivals treated differently from retail or wholesale business establishments?
 (3) Are festival game booths or `county fair type games' illegal lotteries within the meaning of Article III, section 39(9) of the state constitution?
 (4) Since the passage of the `Bingo amendment' by the voters at the 1980 general election exempted certain bingo type games from the state lottery law, must charitable, religious and fraternal organizations wait for the passage of statutory enabling legislation by the general assembly before such groups can conduct Bingo games at their events?
You also state:
 During the first weekend in May each year, the Florissant Valley of Flowers Festival takes place. The festival is held in Florissant (St. Louis County) on the days of Friday, Saturday and Sunday.
 The Valley of Flowers Festival started out as part of the community betterment program but now operates independently. The festival committee is composed of representatives from civic organizations and service clubs, such as the Rotary, Jaycees and Kiwanis.
 Such clubs, local businesses and private citizens sponsor game booths; sell such items as homemade jams, jellies, pickles and cakes; sell original artwork and handicrafts and have food stands i.e. selling hot dogs and soft drinks. These groups or persons pay a fee to the festival for being allowed to have a booth at the festival.
 The City of Florissant provides no funds for the festival but does allow the use of its city parks.
 The festival wishes to add Bingo type games to the list of events held at this year's festival.
In answer to your first and second questions, we enclose a copy of our Opinion No. 171, dated June 4, 1973, to Reed, in which this office concluded that a not-for-profit civic club which operates a gift shop manned by unpaid voluntary workers selling goods, wares and merchandise prohibited from sale on Sunday is not exempt from the provisions of the law even though the profits are contributed to charity. It is our view that the conclusion of this opinion is applicable here even though the statute has since been amended and renumbered as § 578.100, RSMo. Therefore, the Sunday sales law does prohibit the Sunday sale of certain merchandise by such a group. The community festivals are not treated differently under the statute than are ordinary businesses.
The answer to your third and fourth questions can be found in amended § 39(a), Art. III of the Missouri Constitution. Such provision states in pertinent part:
 The game commonly known as bingo when conducted by religious, charitable, fraternal, veteran or service organizations is not a lottery or gift enterprise within the meaning of subdivision (9) of section 39 of this article if the general assembly authorizes by law that religious, charitable, fraternal, service or veteran organizations may conduct the game commonly known as bingo, upon the payment of the license fee and the issuance of the license as provided by law. Any such law shall include the following requirements: . . . .
Clearly the amendment requires legislative implementation to authorize such bingo games. In the absence of such legislative authorization, the games would be prohibited under Chapter 572, RSMo, relating to gambling.
Whether or not a festival game or a county fair type game is illegal depends upon the precise nature of the game. Since we do not have detailed facts from you with regard to such activities, we cannot speculate as to the legality of such games.
Very truly yours,
 JOHN ASHCROFT Attorney General